Textile Plants — Taxation — Exemptions Title 68 O.S. 2001 [68-2001] (1968), provides that a plant or firm manufacturing products from synthetic fibers on basic textile machinery shall pay a gross production tax of one-tenth of one percent of the gross value of the manufactured product of said textile mill or mills within that county in Oklahoma m lieu of all taxes by the State, county, cities, towns, townships, school districts and other municipalities upon any property rights attached to or inherent in the property of the said textile manufactory, except that land or real property on which said manufactory is located is subject to ad valorem taxation as provided in 68 O.S. 2401 [68-2401] (1968) et seq. The Attorney General has had under consideration your request for an opinion wherein you ask, in effect, the following questions: 1. Would a manufacturing firm located in Oklahoma and manufacturing products from synthetic fibers on basic textile machinery pay a gross production tax as contemplated by 68 O.S. 2001 [68-2001] (1968), in lieu of ad valorem taxes? 2. If the answer to the first question is in the affirmative, would the land on which such a plant or firm is located be subject to ad valorem taxation? Title 68 O.S. 781 [68-781] (1961), was renumbered by O.S.L. 1965, ch. 215, Section 1 (68 O.S. 2001 [68-2001] (1968)), and said section states in pertinent part: "Every person, firm, association, or corporation engaged in the manufacture. of products from lint cotton, wool, synthetic fibers, or any combination thereof, by carding, spinning, making twine, or weaving into cloth, or other processes, or using any property whatever in such enterprise, shall . . . pay to the County Treasurer of the county a tax equal to one-tenth of one per cent (1/10 of 1%) of the gross value of the manufactured product of the said textile mill or mills within such county. "The payment of the taxes herein imposed shall be in full and in lieu of all taxes by the State, counties, cities, towns, townships, school districts and other municipalities upon any property rights attached to or inherent in the property of the said textile manufactory, and upon any buildings, machinery, engines, spindles, weaving . machines, and upon any and all other machinery and appliances and equipments used in and around such textile manufactory producing any manufactured product from lint cotton, wool, or synthetic fibers in the raw state in this State, and actually used in the operation of such textile mill and upon any investment whatever in such property; but the land exclusive of the buildings and such other property than that herein enumerated, and any raw cotton, wool, or synthetic fibers not purchased for an intended to be manufactured on the ad valorem taxing date and thereafter manufactured in said textile mill or mills, shall be assessed and taxed ad valorem as other property within the taxing district in which such property was situated at the time." Although this section comes under "ARTICLE 20. COTTON MANUFACTORIES" of Title 28, O.S.L. 1955, ch. 20, Section 1 (68 O.S. 781 [68-781] (1955)) amended this section to include synthetic fibers and combinations thereof and also substituted the words "textile mill" for "cotton mill" throughout the section. Thus, it is the opinion of the Attorney General that your first question should be answered in the affirmative in that a plant or firm manufacturing products from synthetic fibers, or any combination thereof, on basic textile machinery shall pay a gross production tax of one-tenth of one per cent of the gross value of the manufactured product of said textile mill or mills within that county in Oklahoma in lieu of all taxes by the State, counties, cities, towns, townships, school districts and other municipalities upon any property rights attached to or inherent in the property of said textile manufactory. However, you will note that this gross production tax in lieu of all other taxes does not include ad valorem taxes on land or real-property and property not purchased for, or intended to be used in, the manufacturing process on the ad valorem taxing date. Therefore, it is the opinion of the Attorney General that your second question be answered in the affirmative in that all land or real property on which said manufactory is located is subject to ad valorem taxation as provided in 68 O.S. 2401 [68-2401] (1968) et seq. (Robert D. McDonald) ** SEE: OPINION NO. 70-201 (1970) **